**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

SANA SHAD,

                                             Plaintiff,           Civil Action No.: 16 Civ.

                    -against-
                                                                 **Complaint and Jury Demand**
NORTHWELL HEALTH, INC.  and MARK FAUTH,

                                             Defendants.

---------------------------------------------------------------X


        Plaintiff, Sana Shad ("Plaintiff"), by her attorney, Corey Stark PLLC, complains

of Defendants Northwell Health, Inc. ("Northwell") and Mark Fauth ("Fauth") and

respectfully alleges to this Court as follows:

### NATURE OF THE ACTION

        1.      This is an action to recover damages and unpaid compensation, for

liquidated damages, and for reasonable attorneys' fees and costs relating to Defendants'

willful violations of the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA") and

New York State Labor Law ("NYLL") and to recover damages for sexual

harassment/gender discrimination in the terms, conditions, and privileges of employment

under the New York Executive Law §290, *et seq.* ("NYSHRL"), whereas promoted and

tolerated a hostile work environment based on a pattern and practice of pervasive sexual

harassment, which was subjectively and objectively offensive.  To make matters worse,

Defendants have retaliated against Plaintiff in response to her complaints about this

illegal activity.

## JURISDICTION AND VENUE

2.      This Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA").

3.      This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this District because Defendants conduct business in the Eastern District of New York, and the acts and/or omissions giving rise to the claims herein are alleged to have taken place in the Eastern District of New York.

## PREREQUISITES

5.      Before filing the Complaint in this action, Plaintiff caused a copy thereof to be served upon the Corporation Counsel of the City of New York.

6.      Before filing the Complaint in this action, Plaintiff also caused a copy thereof to be served upon the New York City Commission on Human Rights.

## PARTIES

7.      Plaintiff is female.

8.      At all times hereinafter mentioned, Plaintiff was and still is a resident of the State of New York.

9.      At all times material herein, Plaintiff was an "employee" entitled to protection within the meaning of the FLSA, New York Labor Law, and NYSHRL.

10.     Upon information and belief, Defendant Northwell is a domestic corporation with its principal office located at 1109 Second Avenue in the City, County, and State of New York.

2

11.     Upon information and belief, Northwell has an annual gross volume of sales in excess of $500,000.

12.     Northwell is an "employer" within the meaning of the FLSA, New York Labor Law, and NYSHRL.

13.     At all times material herein, Defendant Fauth was the Vice President of Behavioral Health Service at Northwell.

14.     Upon information and belief and at all times hereinafter mentioned, Fauth was and still is a citizen of the State of New York.

15.     Fauth actually participated in and aided and abetted in the conduct giving rise to the sexual harassment/hostile work environment and retaliation claims.

16.     All Defendants are hereinafter collectively referred to as "Defendants."

17.     This action arises out of Defendants' wrongful, illegal, and tortious conduct within the State of New York.

## WAGES

18.     Defendants committed the following alleged acts knowingly, intentionally, and willfully.

19.     Both federal and state labor laws require that employees who work more than forty (40) hours per week must be paid at a rate of one and one-half times their regular lawful hourly rate.

20.     Plaintiff commenced her employment by Northwell in April 2012 as a "per diem" Research Assistant for Dr. Cathy Budman ("Dr. Budman") and remained employed in this capacity until July 2013.

21.     Between July 2013 and October 4, 2013, Northwell employed Plaintiff as Dr. Budman's Research Assistant and a full-time "per diem" Medical Secretary.

3

22.     Between July 2013 and October 4, 2013, Plaintiff worked 57.5 hours per week without overtime pay.

23.     In September 2014, at Northwell's request, Plaintiff resigned her position as Dr. Budman's Research Assistant effective October 4, 2016.   During this period Plaintiff continued as a full-time "per diem" Medical Secretary and was required to continue to serve as Dr. Budman's Research Assistant on an unofficial basis.

24.     Between July 2013 and October 4, 2013, Plaintiff worked 57.5 hours per week without overtime pay.

25.     Although Plaintiff worked a "full-time" schedule and there was no basis to distinguish Plaintiff from any other full-time employees, Northwell labeled Plaintiff a per diem employee to exclude her from Northwell's group medical and other benefit plans.

26.     Between October 5, 2013, and May 1, 2014, Plaintiff continued to work 37.5 hours per week as a per diem Medical Secretary and an additional twenty (20) hours per week as Dr. Budman's Research Assistant.

27.     During the period October 5, 2013, to May 1, 2014, Northwell still failed to pay overtime, and, to make matters worse, (a) did not pay Plaintiff any wages whatsoever for the twenty (20) hours she worked each week as Dr. Budman's Research Assistant and (b) deducted two and one-half (2.5) hours per week from Plaintiff's work hours.

28.     In May 2014 Northwell permitted Plaintiff to shed the per diem label and participate in its group medical and other benefit plans.

29.     Between May 2014 and December 30, 2014, Plaintiff's Medical Secretary hours increased to fifty (50) per week and she worked ten (10) hours per week as Dr. Budman's Research Assistant.

30. During the period May 2014 to December 30, 2014, Northwell failed to pay Plaintiff overtime and deducted two and one-half (2.5) hours per week from Plaintiff's work hours.

31. From January 2015 to August 2015 Plaintiff ceased performing Research Assistant duties but continued to work approximately sixty (60) hours per week without overtime compensation.

32. In August 2015 Northwell promoted Plaintiff to Program Coordinator.

33. Northwell knew that it was violating federal and state laws and economically injuring Plaintiff by failing to pay hourly wages and overtime compensation.

34. Plaintiff worked a shift of more than six hours extending over the noonday meal timeframe (*i.e.*, between 11:00 a.m. and 2:00 p.m.). Defendants failed to provide Plaintiff at least thirty minutes for the noonday meal, in contravention of NYLL §162(2).

35. The New York Commissioner of Labor issued no authority pursuant to NYLL § 162(5) permitting Defendants to provide shorter meal periods for Plaintiff.

36. Defendants failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether by the hour, by shift, by day, by week, on salary, by piecework, on commission, or otherwise, with allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; and the telephone number of the employer, in contravention of NYLL §195(l)(a) and §198(l)(b).

## SEXUAL HARASSMENT and RETALIATION

37.    Defendants created, promoted, and maintained a hostile work environment and atmosphere during which she was constantly subjected to multiple acts of sexual harassment and discrimination as hereinafter described, including, without limitation, constant verbal harassment and other sexually suggestive conduct.

38.    Fauth became Plaintiff's direct supervisor when Northwell promoted Plaintiff to Program Coordinator in August 2015.

39.    From the time Plaintiff commenced reporting to Fauth he instigated and engaged in making numerous inappropriate verbal comments and other sexually suggestive activities.  For example, Fauth regularly leered at Plaintiff's breasts, asked inappropriate questions about Plaintiff's personal dating activities, objected when Plaintiff wore unfitted clothing that did not expose the outline of her breasts, commented about how Plaintiff smelled, and refused to speak to Plaintiff and treated her less favorably if she did not wear form-fitting clothing.

40.    The hostile work environment was so pervasive and severe that at least one of Plaintiff's co-workers told Fauth that he was acting inappropriately and asked him to discontinue his inappropriate conduct.

41.    Despite knowing that the work environment was poisoned by sexual harassment, no management level employee took any steps or actions to reasonably investigate or remedy the discriminatory conduct.

42.    Fauth actually fostered the pervasively hostile work environment by engaging in the improper conduct himself.

43.    Despite complaints made to Fauth that his conduct was inappropriate, it continued unabated.

44.     On September 30, 2016, Plaintiff filed a written complaint of sexual harassment with a representative of Northwell's Human Resources Department.

45.     On October 4, 2016, Plaintiff met with a representative of Northwell's Human Resources Department to discuss her sexual harassment complaint.

46.     On October 14, 2016, Plaintiff had a follow-up meeting with a representative of Northwell's Human Resources Department to discuss her sexual harassment complaint.

47.     On October 4, 2016, Plaintiff provided Northwell's Human Resources Department with documents to support her complaint of sexual harassment.

44.     After Plaintiff filed her complaints, the harassment she was subjected to only intensified.

48.     On October 26, 2016, Plaintiff filed a complaint of retaliation with a representative Northwell's Human Resources Department.

49.     On October 31, 2016, just five days after Plaintiff's protected retaliation complaint was filed, Defendants addressed Plaintiff's complaints of sexual harassment and retaliation by notifying Plaintiff that Northwell was terminating her employment.

50.     Upon information and belief, Plaintiff's discrimination and retaliation complaints were the motivating factors in Defendants' decision to terminate Plaintiff's employment.

## AS AND FOR A FIRST COUNT
### *(FLSA Claims, 29 U.S.C. §§ 201, et seq.)*

51.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "50" inclusive with the same force and effect as if fully set forth at length herein.

52.     At all relevant times Northwell has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of FLSA, 29 U.S.C. §203.

53.     At all relevant times, Northwell has employed "employees," including Plaintiff.

54.     Throughout the statute-of-limitations period covered by these claims, Northwell knowingly failed to pay Plaintiff for all hours worked and at a rate of one and one-half times her regular lawful hourly rate for each hour in excess of forty (40) hours per week.

55.     Plaintiff seeks damages in the amount of her respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### AS AND FOR A SECOND COUNT
*(New York Labor Law Articles 6 and 19)*

56.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "50" inclusive with the same force and effect as if fully set forth at length herein.

57.     Pursuant to New York Labor Law Articles 6 and 19 and the wage orders promulgated thereunder by the New York State Department of Labor, Plaintiff was entitled to regular wages and overtime wages.

58.     Northwell knowingly failed to pay Plaintiff at a rate of one and one-half times her regular lawful hourly rate for each hour in excess of forty (40) hours per week.

59.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of the New York Labor Law.

60.     Northwell failed to provide Plaintiff at least thirty minutes for the noonday meal, in contravention of NYLL §162(2).

61.     Northwell failed to furnish Plaintiff with a "wage notice" in contravention of NYLL §195(l)(a) and §198(l)(b).

62.     As a result of Northwell's willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated (double) damages, in an amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by the New York Labor Law.

### AS AND FOR A THIRD COUNT
*(Sexual Harassment)*

63.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "50" inclusive with the same force and effect as if fully set forth at length herein.

64.     By virtue of the acts complained of herein, the sexually hostile work environment at Northwell was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create a subjectively and objectively abusive/discriminatory work environment in violation of the New York State Executive Law.

65.     Fauth violated the New York State Executive Law by aiding and abetting the sexually hostile work environment at Northwell.

66.     As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

67.     As a direct and proximate result of Defendants' discriminatory practices, Plaintiff has also sustained significant economic damages.

## AS AND FOR A FOURTH COUNT
### *(Retaliation)*

68.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "50" inclusive with the same force and effect as if fully set forth at length herein.

69.     By virtue of the acts complained of herein, Defendants retaliated against Plaintiff in violation of the New York State Executive Law.

70.     As a direct and proximate result of Defendants' unlawful retaliation as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple retaliatory practices and acts.

71.     As a direct and proximate result of Defendants' retaliatory practices, Plaintiff has also sustained significant economic damages.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a)     For all forms of relief recoverable under the statutes sued hereunder including unpaid wages, back pay, front pay, liquidated damages, and compensatory damages;

(b)     For an award of punitive damages;

(c)     For an award of statutory attorneys' fees;

(d)     For an award of costs;

(e)     Together with interest and such further and additional relief as this Court deems just and proper.

COREY STARK PLLC

By: Corey Stark (CS-3897)
*Attorney for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

**JURY DEMAND**

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       November 7, 2016

COREY STARK PLLC

By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705