UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SANA SHAD,

                        Plaintiff,                      **ORDER**

     - against -

                                                           CV 16-6202 (DRH) (AKT)

NORTHWELL HEALTH, INC. and
MARK FAUTH,

                        Defendants.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       This Order addresses the parties' filings at DE 35-DE 36 and DE 38-DE 41. In these submissions, Defendants seek (1) an additional seven hours to depose Plaintiff [DE 35, DE 38], and (2) an Order precluding Plaintiff's counsel from deposing witnesses [DE 35, DE 40]. *See generally* DE 35, 36. Plaintiff's counsel, on the other hand, seeks an Order (1) extending the discovery deadline in this case [DE 36] and (2) striking Defendants' Opposition to Plaintiff's Motion to Compel [DE 36]. The Court addresses each motion in turn.

**I.    DEFENDANTS' REQUEST FOR ADDITIONAL TIME TO DEPOSE PLAINTIFF**

       The Court considered Defendants' request for an additional seven hours to depose Plaintiff in connection with a prior motion filed by Defendants at DE 28. In response to that previous motion, the Court determined that since this case involves multiple causes of action, including both Title VII and FLSA claims, some additional time beyond the presumptive seven-hour limit provided in the Federal Rules of Civil Procedure was warranted. DE 30. The Court further held, however, that it would "not permit an additional full seven hours under any circumstances." The Court directed counsel to confer and arrive at a mutually agreeable period of time for the extended deposition. If counsel were unable to do so, the Court pointed out that

Defendant's counsel would need to file a letter motion seeking the additional time. The Court also directed Defendants' counsel to provide the Court with a list of the specific topic areas left to be examined along with an explanation of why this information was not covered thus far. Defendants thereafter filed the instant motions.

Defendants' counsel explains in the instant motions [DE 35, DE 38] that Plaintiff has been deposed for a total of six and a half hours. Counsel further states that Plaintiff's counsel has agreed to produce the Plaintiff for an additional four hours of testimony. Defendants' counsel argues, however, that this is insufficient time and demands Plaintiff be produced for the remaining half hour of her original deposition so that defendants have received the benefit of the full seven hours provided for in the Federal Rules, as well as an additional seven hours. Counsel argues that the additional time is necessary since (1) Plaintiff has "refused to answer simple, basic questions requesting background information and the causes of action in the Complaint," and (2) "Plaintiff's counsel, Mr. Stark, continuously made inappropriate speaking objections." DE 35, DE 38.

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). The seven-hour time limit merely serves as a presumptive baseline since "Rule 26(b) authorizes a court to 'alter the limits in these rules ... on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A). Therefore, "[a] district court has broad discretion to set the length of depositions appropriate to the circumstances of the case." *Arista Records LLC v. Lime Group LLC*, No. 06 Civ. 5936, 2008 WL 1752254, at * 1 (S.D.N.Y. Apr. 16, 2008) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2000)) ("A district court has broad discretion to set the length of depositions appropriate to the circumstances of the case."). The party seeking to extend the time permitted under Rule 30 must

provide good cause to justify an enlargement. *See Carmody v. Vill. of Rockville Ctr.*, No CV–05–4907, 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007) (citing *Calderon v. Symeon*, No. 06CV1130, 2007 U.S. Dist. LEXIS 20510, at *3 (D. Conn. Feb. 2, 2007)). The case law on extensions is fact specific, with some orders granting relief and others denying the request. *See Carmody*, 2007 WL 2177064, at *2 (citing *Bender v. Del Valle*, No. 05 Civ. 6459, 2007 WL 1827839, at *3 (S.D.N.Y. June 25, 2007)); *see also City of Almaty, Kazakhstan v. Ablyazov*, No. 115CV05345, 2017 WL 9771809, at *3 (S.D.N.Y. July 28, 2017); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04 CIV. 1514, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008).

The Court has reviewed the transcript of Plaintiff's first deposition session as well as the video of the second session and finds that Defendant's request for seven additional hours is not warranted. *See Carmody,* 2007 WL 2177064, at *4 (granting defendants three additional hours to depose the witness); *see also Sec. Ins. Co. v. Trustmark Ins. Co.*, 218 F.R.D. 29, 32 (D. Conn. 2003) (denying defendant's request for additional deposition time after court's review of the deposition transcript and notice of deposition). Plaintiff's conduct was not obstructive. In fact, the Court finds that Plaintiff was cooperative during the examination. Plaintiff's counsel did lodge objections as to form on many occasions throughout the deposition. Counsel are aware, of course, that this type of objection is waived if not made at the deposition. Fed. R. Civ. P. 32(d)(3)(B). However, the Court finds that the objections to form by Plaintiff's counsel were excessive, although they did not impede the deposition. That being said, this case involves both FLSA and NYSHRL claims and, as such, Defendants' counsel had significant ground to cover.[1]

---

[1] Defendants' counsel argues that an additional seven hours is necessary since Plaintiff has no documentary evidence of the hours for which she claims she was not compensated and therefore, this topic must be taken up at the deposition. DE 35, 38. The Court points out that counsel was free to serve interrogatories directed to this issue, which may have focused the deposition questioning more efficiently and effectively as to the hours worked  In addition,

In view of these circumstances, the Court, in its discretion, is directing Plaintiff's counsel to produce his client for an additional four hours of deposition testimony plus the 30 minutes left from the original deposition day.  Defendant's motion to compel Plaintiff to continue her deposition is GRANTED, in part, and Plaintiff shall appear for a total of 4.5 hours of further testimony. That testimony is to be completed within 30 days.

## II.     DEFENDANTS' REQUEST TO PRECLUDE PLAINTIFF FROM DEPOSING WITNESSES

The Court turns to Defendants' request for an Order precluding Plaintiff from deposing witnesses.  DE 35, DE 40.  In her application, Defendants' counsel explains that on November 2, 2017, opposing counsel emailed her three notices of deposition.  DE 35.  At that time, the fact discovery deadline was set for November 15, 2017.  Two of the depositions were noticed for November 9, 2017 and the third was noticed for November 14, 2017.  Moreover, counsel explains, the notices called for the "production of documents, in contravention of the time limitations provided by Fed. R. Civ. P. 34(b)," and failed to set forth with reasonable particularity the materials requested.

Fed. R. Civ. P. 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party."  Fed. R. Civ. P. 30(b)(1).  Advanced notice is particularly important for notices served on a corporation "whose designated witnesses are likely to live out of state, or to have other matters occupying their calendars." *Gilbert v. E.I. Dupont De Nemours & Co.*, No. 3:15CV00988, 2016 WL 3211682, at *3 (D. Conn. June 9, 2016).

---

having watched the video, the Court finds that some portions of the questioning devolved into pressing the Plaintiff in minute detail which did not assist in the forward progress of the examination.

4

The Court has reviewed the Notices of Deposition served by Plaintiff's counsel. DE 40-1. Taking these Notices into account, the Court finds that they raise issues as to why it was necessary to request further documentation since the parties had already engaged in discovery under the Federal Rules with respect to document requests and interrogatories as well as responses to the same. Moreover, with regard to notices which call for the production of documents from parties, the 30-day response time provided under Rule 34 is applicable. *See e.g.*, *id.* at \*3; *Pauls v. The Prudential Ins. Co. of Am.*, No. 3:16-CV-2116-M-BN, 2016 WL 6397564, at \*8 (N.D. Tex. Oct. 28, 2016) (citing *Thomas v. WSFM, L.L.C.*, Civ. A. No. 07-1336, 2008 WL 821948, at \*1 (E.D. La. Mar. 26, 2008)); *Guzman v. Bridgepoint Educ., Inc.*, No. 11-0069, 2014 WL 1670094, at \*2 (S.D. Cal. Apr. 28, 2014) (citing *Ghosh v. Cal. Dept. of Health Services*, 50 F.3d 14 (9th Cir. 1995)); *Parrot, Inc. v. NiceStuff Distrib. Int'l, Inc.*, No. 06-61231, 2009 WL 10667522, at \*3 (S.D. Fla. Jan. 26, 2009) ("Thus, as the language of Rule 30(b)(2) itself makes clear, when one party seeks documents in a notice of deposition directed to another party, the deposing party must follow the procedures articulated by Rule 34 to request the documents."). The Court further notes that when serving a notice of deposition that includes a notice to produce, the materials sought must be specified with reasonable particularity. Fed. R. Civ. P. 34(b)(1)(A) ("The request [ ] must describe with reasonable particularity each item or category of items to be inspected[.]").

The Court finds that the manner in which Plaintiff's counsel served the deposition notices was improper given the applicable case law. However, in its discretion, the Court will permit Plaintiff's counsel to conduct the depositions. The discovery deadline as to the issues raised in DE 25 and DE 28 was held in abeyance pending resolution of the motions. DE 30. Moreover,

the parties have not yet engaged in summary judgment motion practice and no trial date has been set. Consequently, Defendants are not prejudiced as a result of these depositions going forward.

Defendants' application to preclude Plaintiff from conducting the depositions at issue is DENIED. Plaintiff's request to extend the discovery deadline is GRANTED to the extent set forth in this Order. All depositions must be completed within 60 days.

**III.   PLAINTIFF'S REQUEST FOR AN EXTENSION OF THE DISCOVERY DEADLINE AND TO STRIKE DE 34**

In his letter motion [DE 36], Plaintiff's counsel seeks an Order (1) extending the discovery deadline in this case and (2) striking Defendant's Opposition [DE 34] to Plaintiff's September 14, 2017 Motion to Compel. The Court will first address Plaintiff's second request — the motion to strike.

By way of background, Plaintiff filed a motion to compel on September 14, 2017. DE 25. In opposition, Defendants filed a letter requesting that the Court strike Plaintiff's motion on the grounds that it exceeded the Court's three-page limitation on letter motions. DE 26. In an Order issued on October 25, 2017, this Court denied Defendants' request to strike, noting that the three-page limitation is automatically waived for motions filed pursuant to Rule 37.1. DE 30. The Court further stated: "Defendants are directed to respond individually by number to each argument asserted by plaintiff's counsel in DE 25. Defendant's opposition is to be filed on ECF no later than November 2, 2017 and the Court will not extend this date."

On October 29, 2017, Plaintiff's counsel filed a letter motion seeking an extension of the discovery deadline. DE 32. Counsel explained that the request was precipitated, in part, by the Court's need to consider Defendants' arguments in response to Plaintiff's motion to compel. Moreover, if supplemental responses were required, Defendants would need time to submit them. The Court issued an Order the following day in response to Plaintiff's motion. DE 33. In

6

that Order, the Court explained that in view of the relief requested by Plaintiff's counsel, there appeared to be a misunderstanding of the Court's October 25, 2017 Order [DE 30]. The Court further noted:

> To the extent there is any confusion, the Court's intention here was to have the defendants respond specifically and with complete information to each of the discovery demands set forth by the plaintiff in DE 25, as counsel should have done in the first instance and in the normal course of business of responding to discovery demands. **The Court does not intend to review whatever responses the defendants make in conjunction with the Court's Order. If plaintiff's counsel maintains the position that the responses are still deficient after receiving defendants' supplemental responses, then counsel is instructed to take up the issue with defendants' counsel in compliance with the parties' obligations under Rule 37.3.** The Court expects that its instructions to the defendants in DE 30 are sufficiently clear that future motion practice should not be necessary. Nor should there be any delay in receiving the supplemental discovery necessary to prepare for the upcoming depositions.

DE 33 (emphasis added). On November 2, 2017, Defendant's counsel filed their Opposition. DE 34.[2] Shortly thereafter, Plaintiff's counsel filed a motion seeking to strike that Opposition on the grounds that it was filed "in an apparent attempt to avoid Rule 37.3 obligations" and constitutes the opposition that Defendant should have filed in the first instance.

The Court has reviewed Defendants' Opposition and finds that it conforms to the Court's directives — counsel responded individually and by number to each of Plaintiff's objections as set forth in the Motion to Compel. DE 34. In its October 30, 2017 Order, the Court explicitly

---

[2] The Court notes that in the "Conclusion" section of Defendant's Opposition, counsel sets forth various requests for relief, including a request that the Court deny Plaintiff's application to extend the discovery deadline and a request to deem Plaintiff's motion to compel abandoned. Counsel did not have the Court's authorization to incorporate any requests for relief in her Opposition. As such, the Court will not consider them. Even if the Court were to consider the requests, it would decline to deem Plaintiff's motion to compel abandoned. Moreover, the Court has already determined that it will extend the discovery deadline to permit Defendants to further depose Plaintiff and to permit Plaintiff to conduct depositions.

stated that it would not review the Defendants' Opposition and that instead counsel for both sides were directed to confer in an effort to resolve their disputes. It appears that the meet-and-confer never took place. Nor did Plaintiff's counsel ever file a subsequent motion to compel.

For the reasons set forth above, Plaintiff's motion to strike is DENIED. The portion of Plaintiff's application seeking an extension of the discovery deadline is GRANTED to the extent set forth here. Counsel for both sides are directed to meet and confer within 14 days regarding any outstanding discovery disputes. To the extent certain disputes remain unresolved, Plaintiff's counsel shall notify the Court in a single sentence letter to that effect. The letter is to be filed on ECF no later than October 19, 2018. The Court will then set a date and require counsel to appear and spend whatever time is necessary in the Attorney Conference room with the Court's Law Clerk until all disputes are resolved. The fact discovery deadline is extended to December 10, 2018. This date will not be further extended.

**SO ORDERED:**

Dated: Central Islip, New York
       September 28, 2018

                                              /s/ A. Kathleen Tomlinson
                                              A. KATHLEEN TOMLINSON
                                              United States Magistrate Judge